**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Doug BROWN, Defendant—Appellant.**

**No. 05–10695.**

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2006.*

Decided June 16, 2006.

Paul L. Pugliese, Esq., Office of the U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michael D. Powell, Esq., Federal Public Defender's Office, Reno, NV, for Defendant–Appellant.

Before: RYMER and T.G. NELSON, Circuit Judges, and KING,** District Judge.

### MEMORANDUM ***

Doug Brown appeals his conviction on one count of violating of 18 U.S.C. § 922(a)(1)(A) and three counts of violating 18 U.S.C. § 922(b)(3). We affirm.

We review Brown's challenged jury instructions for plain error, because he did not object to them at trial, *United States v. Sanders,* 421 F.3d 1044, 1050 (9th Cir. 2005), and for harmless error under the standard of *Boyde v. California,* 494 U.S. 370, 380, 110 S.Ct. 1190, 108 L.Ed.2d 316 (1990). Given that Brown submitted no evidence that he was selling from his personal collection—aside from indirect testimony that he had a large collection and that in the past he and his wife had sold their own guns at garage sales—and given that Brown made no argument to the jury that he was selling from his own collection, he has not shown plain error and any error would be harmless. We also reject Brown's argument that 18 U.S.C. § 921(a)(22) requires the government to prove actual profit for anyone who is not an arms dealer for criminals or terrorists, for that construction would defy both logic and the structure of the provision, which is a definition for "principal objective of livelihood and profit."

We review Brown's claim of statutory construction *de novo. United States v. Ventre,* 338 F.3d 1047, 1052 (9th Cir.2003). Contrary to Brown's argument, application of 18 U.S.C. § 923(b) does not make him an "unlicensed collector" when he is dealing in arms other than curios in relics. *See United States v. Ogles,* 440 F.3d 1095 (9th Cir.2006) (en banc) (adopting *United States v. Ogles,* 406 F.3d 586, 599 (9th Cir.2005) (Rymer, J., dissenting)). Section 922(b)(3) forbids "any ... licensed collector to sell ... any firearm." The plain language does not limit the statute's application only when a licensed collector sells curios and relics.

**AFFIRMED.**

---

** The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.